IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

ROBERT WAYNE HARRIS,

    *Petitioner*,

v.

RICK THALER, Director
Texas Department of Criminal Justice
    Institutional Division

    *Respondent.*

Case No. 3:05-CV-243

---

**OPPOSED
MOTION TO PERMIT
*EX PARTE* SEALED CONSIDERATION OF APPLICATION
FOR AUTHORIZATION FOR
FUNDING AND APPOINTMENT OF MITIGATION INVESTIGATOR**

In this motion, Petitioner Robert Wayne Harris asks this Court, pursuant to 18 U.S.C. § 3599(f) and *McFarland v. Scott*, 512 U.S. 849 (1994), to authorize and to treat *ex parte* and place under seal his Application for Authorization for Funding and Appointment of Mitigation Investigator, to assist counsel in preparing for the clemency proceeding before the Texas Board of Pardons and Paroles.  Formerly, such applications were routinely heard *ex parte* in federal habeas proceedings.  The Antiterrorism and Effective Death Penalty Act of 1996 revised the federal appointment statutes to require a proper showing of the need for confidentiality in investigative requests in federal habeas proceedings.18 U.S.C. § 3599(f).

In an order entered in the case of *Patrick v. Johnson*, 37 F. Supp. 2d 815 (N.D. Tex. 1999), Magistrate Kaplan quoted from *Dowthitt v. Johnson*, No. H-98-3282 (S.D. Tex. December 2, 1998) in which the court set out a procedure for the filing of an *ex parte* submission of a request for investigative and expert assistance:

> The district judge in Dowthitt required a petitioner seeking expense authorization to: file and serve a brief motion seeking generally authorization for investigative or expert expenses, [including] a short case-specific statement of the need for confidentiality. The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (e.g. innocence) for which the services are necessary. Simultaneously, the petitioner must file ex parte and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of fees or expenses likely to be incurred. The petitioner must provide factual support for the funding request. The motion, but not the application with supporting materials, must be served on the respondent.

Magistrate Kaplan's procedure has been favorably followed by other district courts. *See also Patrick v. Johnson*, 37 F. Supp. 2d 815 (N.D. Tex. 1999); *Graves v. Johnson*, 101 F. Supp. 2d 496 (S.D. Tex. 2000).

However, some district judges require that the Petitioner do more than "identify generically the type of services needed and the broad issue or topic ... for which the services are necessary because this would neither demonstrate a need for confidentiality nor explain why the funding request could not be made publicly, as § 3599(f) contemplates. To that end, Mr. Harris will demonstrate below the need for confidentiality.

I.  **Statement of Need for Confidentiality: Type of Service and Topic.**

The Petitioner seeks funding for mitigation investigative services to assist him in his preparation and presentation of his clemency petition to be presented to the Texas Board of Pardons and Paroles on or before August 30, 2012.

Although some mitigation investigative services had been provided pre-trial, a review of the trial court record indicates an inadequate mitigation investigation had been performed. As a result, the jury was provided only a minimal mitigation presentation during the sentencing phase of the trial. Likewise, the thrust of the mitigation investigation for *Atkins* purposes was aimed at making the requisite showing that Mr. Harris was mentally retarded.

Petitioner seeks funding for mitigation services that extends beyond the narrow scope of the investigative services developed pre-trial, and that had been directed at proving the three prongs of this *Atkins* claim. The Application should be sealed and heard *ex parte* because its discusses prior and proposed work product to justify the funding request. To further detail his funding request in this motion would require Petitioner to reveal work product or privileged information to adequately justify funding requests under 18 U.S.C. § 3599(f).

II.  **Conclusion.**

Petitioner has satisfied the requirement of 18 U.S.C. § 3599(f), in particular, complying with the procedure used in the Northern District of Texas by identifying generically the type of service needed and justifies that the services are necessary. Compelling principles of fairness and constitutionality support his request. Accordingly, Mr. Harris request that this Court authorize him to file and consider *ex parte* and under seal, Petitioner's Application for investigative assistance, and

any supplemental requests under 18 U.S.C. § 3599(f).

          Respectfully submitted,

_____
Lydia M.V. Brandt, Esq.
THE BRANDT LAW FIRM, P.C.
Texas Bar No. 00795262
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax

### CERTIFICATE OF CONFERENCE

I hereby certify that on July 16, 2012, I communicated with counsel for the Respondent, Ms. Georgette P. Oden, Assistant Attorney General.  Respondent is opposed.

_____
Lydia M.V. Brandt

### CERTIFICATE OF SERVICE

This certifies that on July 16, 2012, I electronically filed the foregoing document with the clerk of court for the US District Court Northern District Texas using the electronic case filing system of the court.  The electronic case filing system sent a notice of electronic filing to the following attorney of record, who has consented in writing to accept this notice as service of this

document by electronic means:

        Georgette P. Oden, Assistant Attorney General
        georgette.oden@oag.state.tx.us
        Attorney General's Office
        P.O. Box 12548, Capitol Station
        Austin, TX 78711-2548

_____
Lydia M.V. Brandt

cc:    Robert Wayne Harris, #999-364
        Polunsky Unit
        Texas Department of Criminal Justice
        3872 FM 350 South
        Livingston, TX 77351-8580